**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **KEN W. SANTOS-HERNANDEZ**<br>**v.**<br>**HOWARD HOLLAND** | **CIVIL ACTION**<br>**No. 25-3607** |

**ORDER**

**AND NOW**, this 29th day of October, 2026, upon careful and independent consideration of the petition for a writ of habeas corpus, and after review of the Report and Recommendation of United States Magistrate Judge Carol Sandra Moore Wells, it is hereby **ORDERED**:

1. The Report and Recommendation is **APPROVED** and **ADOPTED**. The reasons given in the Report and Recommendation sufficiently address and overcome Escalon's objections.

2. The petition for a writ of habeas corpus is **DISMISSED** for lack of exhaustion, without an evidentiary hearing.*

---

* By statute, federal habeas relief is available to state prisoners only after they have exhausted their claims in state court. 28 U.S.C. §§ 2254(b)(1), (c). Petitioner argues that he exhausted his double jeopardy claim by raising it in pretrial motions and pursuing an interlocutory appeal in the Pennsylvania Superior Court. However, "before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). A state prisoner must give the state courts a full opportunity to resolve his federal constitutional claims by pursuing one complete round of the State's appellate review process. *Id.* at 842–45. Although Petitioner attempted to appeal the denial of his pretrial habeas petition, the Superior Court quashed that appeal on July 21, 2025, because the order was not appealable, and Petitioner failed to respond to the court's order to show cause. The Superior Court therefore did not consider Petitioner's double jeopardy claim through that appeal. Although the trial court has since filed its opinion and appellate briefing has concluded, Superior Court has not yet issued a decision. (Its docket indicates that at least one item of testimony was only received this month at the Superior Court, despite the original record having been sent in part almost 14 months earlier.) Thus, Petitioner has not demonstrated that he completed the

3. Because the petitioner has neither shown denial of a federal constitutional right nor established that reasonable jurists would disagree with this court's procedural disposition of his claims, a certificate of appealability is **DENIED**.

**BY THE COURT:**

s/ Catherine Henry

**CATHERINE HENRY, J.**

---

available state appellate review process for his double jeopardy claim. Magistrate Judge Wells therefore correctly concluded that the claim remains unexhausted.